UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEL ARGENIS TORIBIO ABREU,

                       Plaintiff,

-against-

JOHN DOE #1; JOHN DOE #2; JOHN DOE #3;
JOHN J. KERWICK,

                       Defendants.

No. 22-CV-2445 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

      Plaintiff, who is currently detained at the Orange County Jail, brings this pro se action alleging that agents from the Drug Enforcement Administration (DEA) assaulted him during a November 29, 2021 arrest in Yonkers, New York. Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983].").

      By order dated May 16, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]  For the reasons set forth below, the Court directs the United States Attorney's Office for the Southern District of New York to identify the John Doe Defendants and dismisses the claims brought against Defendant John J. Kerwick for lack of personal involvement, with leave to replead.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     John Doe Defendants**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DEA to identify John Does #1– #3. It is therefore ordered that the United States Attorney's Office ("USAO"), as the attorney for and agent of the DEA, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the Defendant may be served. The USAO must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**B.      John J. Kerwick**

To state a claim under *Bivens*, Plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation.  *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020); *see Reynolds v. United States*, No. 21-CV-4763, 2021 WL 3501201, at *2 (S.D.N.Y. Aug. 9, 2021) (applying personal involvement requirement for claims brought under *Bivens*).  A plaintiff "must plead and prove the elements of the underlying constitutional violation directly against the [named] official[.]" *Tangreti*, 983 F.3d at 620.

Plaintiff does not allege any facts showing how Defendant John J. Kerwick ("Kerwick") was involved personally in the events underlying his claims.  Indeed, his name appears only in the case caption, having been listed as a Defendant, but nowhere in the substantive allegations. "Failing to name a defendant outside the caption of the complaint is grounds for dismissal." *Price v. Koenigsmann*, No. 19-CV-4068, 2020 WL 4274079, at *4 (S.D.N.Y. July 24, 2020) (collecting cases); *see also Lovick v. Schriro*, No. 12-CV-7419, 2014 WL 3778184, at *3 (S.D.N.Y. July 25, 2014) (dismissing the plaintiff's § 1983 claims against certain defendants whose names appeared only in the caption of the complaint and on the list of all defendants). Plaintiff's claims against this Defendant are therefore dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  In light of Plaintiff's pro se status, however, the Court grants him leave to replead any claim he seeks to bring against Kerwick by stating facts showing how Kerwick was involved personally in violating Plaintiff's constitutional rights.  Plaintiff may include any such claim in his amended pleading naming the John Doe Defendants.

## CONCLUSION

The Clerk of Court is respectfully directed to mail an information package to Plaintiff, including but not limited to a copy of this order as well as an amended complaint form.

The Clerk of Court is also respectfully directed to mail a copy of this order and the complaint to the United States Attorney's Office, Southern District of New York, Civil Division, 86 Chambers Street, Third Fl., New York, N.Y. 10007.

The Court dismisses Plaintiff's claims against John J. Kerwick, with leave to replead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 19, 2022
        White Plains, New York

                                                _____
                                                KENNETH M. KARAS
                                                United States District Judge