UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMEL ARGENIS TORIBIO ABREU,

                Plaintiff,

-against-

SHAUN MENTON & RICHARD (RJ) LIGHT,

                Defendants.

No. 22-CV-2445 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who is currently detained at the Orange County Jail, brings this pro se action alleging that agents from the Drug Enforcement Administration (DEA) assaulted him during a November 29, 2021 arrest in Yonkers, New York. Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983].").

I. Discussion

A. Add Kivelhan as a Defendant

    On September 13, 2022, Plaintiff filed an Amended Complaint. (*See* Am. Compl. ("AC") Dkt. No. 12.) In the caption of the Amended Complaint, Plaintiff names Shaun Menton and Richard (RJ) Light. (*See id.* at 1; *see also id.* at 3 (naming those two as defendants).)[1] When detailing the allegations, however, Plaintiff also avers that "William Kivlehan began to drive irradically [sic] to purposefully further injury my injuries." (*Id.* at 5.)

---

[1] The Court refers to the ECF-stamped page number on the top right of the AC.

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "The Court therefore construes the [AC] as asserting claims against [William Kivlehan], and directs the Clerk of Court to amend the caption of this action to add as a defendant [William Kivlehan]." *Vasquez v. Doe(s)*, No. 20-CV-5851, 2020 WL 5880254, at *1 (S.D.N.Y. Oct. 1, 2020) (citing Fed. R. Civ. P. 21); *see also Rose v. City of New York Dep't of Correction*, No. 21-CV-3164, 2021 WL 3271830, at *2 (S.D.N.Y. July 30, 2021) (directing the Clerk of Court to add certain individuals named in the amended complaint as defendants in the case caption).

B.  Service

By order dated May 16, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees.[2] Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The

---

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Shaun Menton, Richard (RJ) Light, and William Kivlehan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants using the Virginia-based addresses provided by the United States Attorneys' Office, (*see* Dkt. No. 11). The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

## II. Conclusion

As stated above, the Clerk of Court is instructed to issue summonses for all defendants, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. Additionally, the Clerk of Court is respectfully directed to mail an information package to Plaintiff, including but not limited to a copy of this order as well as an amended complaint form.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 23, 2022
           White Plains, New York

                                            KENNETH M. KARAS
                                            United States District Judge

Defendants and Service Addresses

1. Shaun Menton
   Care Of: Jill M. McCann, Esq.,
   Civil Litigation Section, DEA Office of Chief
   Counsel, 8701 Morrissette Drive
   Springfield, VA 22152

2. Richard (RJ) Light
   Care Of: Jill M. McCann, Esq.,
   Civil Litigation Section, DEA Office of Chief
   Counsel, 8701 Morrissette Drive
   Springfield, VA 22152

3. William Kivlehan
   Care Of: Jill M. McCann, Esq.,
   Civil Litigation Section, DEA Office of Chief
   Counsel, 8701 Morrissette Drive
   Springfield, VA 22152